ORIGINAL

# United States Court of Federal Claims

No. 17-1785 C
Filed: November 21, 2017

FILED

NOV 21 2017

U.S. COURT OF
FEDERAL CLAIMS

)
WILLIAM LEE GRANT, II,              )
                                    )
       Plaintiff,            )
                                    )      *Pro Se*; *Sua Sponte* Dismissal; Lack of
   v.                               )      Subject Matter of Jurisdiction; *In Forma*
                                    )      *Pauperis* Application
THE UNITED STATES,                  )
                                    )
       Defendant.            )
                                    )

## OPINION AND ORDER

*SMITH*, **Senior Judge**

    On November 13, 2017, plaintiff, proceeding *pro se*, filed a complaint in this Court and concurrently filed an *in forma pauperis* application seeking leave to proceed without paying the Court filing fee. Plaintiff's Complaint alleges, *inter alia*, that the government failed to investigate and prosecute wrongdoing on the part of state and federal officials in connection with various alleged conspiracies. Plaintiff is seeking a review of a federal district court case and $30 trillion in damages.

    Upon *sua sponte* review, this Court finds plaintiff's allegations do not give rise to any cause of action over which this Court has subject-matter jurisdiction. The Court has no authority to decide plaintiff's case, and therefore must dismiss the Complaint pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

**I.**    **Background**

    Plaintiff, Mr. Grant, has filed numerous, nearly identical complaints in federal courts across the country over the last several years, including a previous filing in this Court. *See Grant v. Kabaker*, 17-CV-3257 (C.D. Ill., Nov. 7, 2017) (denying plaintiff's *in forma pauperis* motion and dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B)); *Grant v. Schmidt*, 17-CV-3215 (C.D. Ill., Oct. 2, 2017) (denying plaintiff's *in forma pauperis* motion and dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B)); *Grant v. U.S. Department of Justice*, 17-CV-1434 (D.C., Aug. 4, 2017) (granting plaintiff's *in forma pauperis* motion and dismissing with prejudice under 28 U.S.C. § 1915(e)(2)(B)); *Grant v. United States*, 16-CV-1621 (Fed. Cl., Jan. 17, 2017); *Grant v. Kabaker et al.*, No. 16-CV-3245 (C.D. Ill., Oct. 12, 2016) (granting defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim); *Grant v.*

7017 1450 0000 1346 0799

*Kabaker et al.*, No. 16-CV-3239 (C.D. Ill., Sept. 6, 2016) (dismissing plaintiff's claims as frivolous and denying plaintiff's motion to proceed *in forma pauperis*); *Grant v. Kabaker et al.*, No. 16-CV-3132 (C.D. Ill., June 20, 2016) (dismissing plaintiff's claims as frivolous and denying plaintiff's motion to proceed *in forma pauperis*).

In *Grant v. United States*, this Court dismissed plaintiff's Complaint as frivolous, in accordance with 28 U.S.C. § 1915(e)(2)(B), and for lack of subject-matter jurisdiction under RCFC 12(h)(3). *See Grant v. United States*, 16-CV-1621, ECF No. 6. Further, Mr. Grant's *in forma pauperis* application was denied due to his history of duplicative and vexatious litigation. *Id.* at 4.

In this Complaint, Mr. Grant repeats the allegations from his previous filings and includes details on the aforementioned dismissals of his many cases. *See generally* Complaint (hereinafter "Compl."). The repeated allegations include claims of conspiracy against several government figures and entities, including former U.S. Vice President Dick Cheney, Illinois Gov. Bruce Rauner, Chicago Mayor Rahm Emanuel, former U.S. Secretary of State Hillary Clinton, former Cook County District Attorney Anita Alvarez, and former Chicago Mayor Richard M. Daley. Compl. at 1-2. Mr. Grant also states that he was planted in the State of Illinois government to become an informant for the U.S. Department of Justice. *Id.* at 8.

While it is difficult to discern the true nature of Mr. Grant's grievances, he states that he has been denied access "to [a]ppeal in the Seventh Circuit of Federal Appeals, and asks this [*sic*] Supreme Court of the United States to review the record of the matter docketed as 16-CV-3245, and award Petitioner [] requested compensatory and punitive damages in the amount of $30 [t]rillion." *Id.* at 15.

## II.   Standard of Review

This Court's jurisdictional grant is primarily defined by the Tucker Act, which provides this Court the power "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Although the Tucker Act expressly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, in order to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists. . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If the Court lacks jurisdiction, it cannot proceed with the action and must dismiss the case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). RCFC 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In determining whether subject matter jurisdiction exists, the Court will treat *factual* allegations in the complaint as true and will construe them in the light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (emphasis added). Further, pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Erickson v. Pardus,* 551 U.S. 89, 94 (2007). This leniency, however, does not extend to saving a complaint that lies outside of this Court's jurisdiction. "Despite this permissive standard, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements." *Trevino v. United* States, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted). *Pro se* or not, the plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III.  Discussion

#### A.  Subject-Matter Jurisdiction

Mr. Grant fails to establish any claim over which this Court has jurisdiction. While the Complaint includes extreme and outrageous allegations of government corruption and conspiracy, the plaintiff's only real request for relief appears to be a collateral attack on the decision of the district court in Illinois. *See* Compl. at 15 ("to review the record of the matter docketed as 16-CV-3245, and award Petitioner [] requested compensatory and punitive damages").

The Tucker Act does not provide this Court with jurisdiction to entertain collateral attacks on decisions of state or federal district courts. 28 U.S.C. § 1491(a); *see, e.g., Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."). Therefore, Mr. Grant's request to review the other court's decision is outside of this Court's jurisdiction and must be dismissed.

Dismissal is also required upon a determination that a complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining when an action lacks an arguable basis in law or in fact). Frivolous complaints are "those in which the factual allegations are so unbelievable that there is no need for an evidentiary hearing to determine their veracity." *Taylor v. United States*, 568 F. App'x 890, 891 (Fed. Cir. 2014); *see Neitzke,* 490 U.S. at 327 (frivolous claims include those that describe "fantastic or delusional scenarios"). A court is required to dismiss a frivolous complaint from a litigant who is proceeding *in forma pauperis*.[1] 28 U.S.C. § 1915(e)(2)(B). It is clear Mr. Grant has a history of filing frivolous complaints, and this case is no exception. In

---

[1] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of Title 28 of the United States Code, 28 U.S.C. § 2503(d) deems the Court of Federal Claims to be a "court of the United States" for purposes of 28 U.S.C. § 1915.

the case at bar, the plaintiff again repeats the same unbelievable allegations, in the hopes that this Court might believe them.

### B. Motion to Proceed *In Forma Pauperis*

As noted above, Mr. Grant filed an application to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, federal courts are permitted to waive filing fees under certain circumstances. *See* 28 U.S.C. § 1915(a)(1); *see also Waltner v. United States*, 93 Fed. Cl. 139, 141 (2010). The statute requires that an applicant be "unable to pay such fees." 28 U.S.C. § 1915(a)(1). To be "'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007); *see also Moore v. United States*, 93 Fed. Cl. 411, 414-15 (2010).

Although it is possible that the fees could prove to be a hardship for Mr. Grant, the plaintiff's repeated filings of frivolous complaints and his history of vexatious litigation leads the Court to find that the plaintiff is not entitled to a waiver of the filing fee.

### IV. Conclusion

For the reasons set forth in this opinion, plaintiff's Complaint is, *sua sponte*, **DISMISSED** pursuant to RCFC 12(h)(3) for lack of jurisdiction, and plaintiff's *in forma pauperis* application is **DENIED**. The Clerk is hereby directed to enter judgment consistent with this opinion.

**IT IS SO ORDERED.**

Loren A. Smith, Senior Judge